T.C. Memo. 1998-116


UNITED STATES TAX COURT


GERALD P. AND ABBE L. KEANE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 23705-95.                    Filed March 23, 1998.


<u>Fred Alan Jones</u>, for petitioners.

<u>Laurel M. Robinson</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to section 7443A(b)(3) and Rules 180, 181, and 182.[1]

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies in petitioners' Federal income taxes in the following amounts:

| Year | Deficiency |
|------|-----------|
| 1991 | $2,676 |
| 1992 | 855 |
| 1993 | 2,446 |

After concessions by both parties,[2] the remaining issue for decision is whether interest payments made on a promissory note executed pursuant to a settlement agreement with the U.S. Department of Health and Human Services qualify as deductible expenses.

At the time their petition was filed, petitioners resided in Hillsborough, California. Some of the facts have been stipulated and are so found. The stipulation of facts and the accompanying exhibits are incorporated herein by reference.

FINDINGS OF FACT

Petitioner Gerald P. Keane is a physician, and petitioner Abbe L. Goll-Keane is a registered nurse. Hereinafter references to "petitioner" refer to petitioner Gerald P. Keane.

---

[2]Petitioners concede Schedule C interest deductions for 1991, 1992, and 1993 to Academic Financial Services of $592, $479, and $317, respectively, and to the University of Rhode Island of $38, $29, and $16, respectively. Respondent concedes Schedule C interest paid by petitioners to First Interstate Bank in 1993 of $1,938.

Petitioner graduated from Brown University Medical School (Brown) in June 1982.  While he was a student from 1978 through 1982, he received yearly tuition scholarships totaling $45,805 from the Department of Health, Education and Welfare (now called the Department of Health and Human Services (DHHS)), as part of the National Health Service Corps (NHSC) scholarship program.  As a condition of receiving this award, petitioner was obligated upon graduation to serve as a Public Health Service commissioned officer or a civilian member of the National Health Service Corps in a designated area for a number of years equivalent to the term of the award.

After graduating from Brown in June 1982, petitioner began his internship and residency at Stanford University Medical Center (Stanford) in the physical medicine and rehabilitation program.  Petitioner's service requirement with NHSC was scheduled to begin upon his graduation from Brown, but petitioner expected to receive a deferment of his obligation until he completed the graduate training program at Stanford.

DHHS agreed to the deferment of his service obligation the first year it was requested, which was until July 1, 1983, but when petitioner reapplied for the remaining years, DHHS refused to grant subsequent deferments based on policy changes in the program.  On July 1, 1983, when petitioner was denied deferment for his second year of the Stanford graduate training program, he

made the decision not to leave Stanford to fulfill his service obligation because he believed to do so would affect his standing in the program. DHHS thereafter regarded him as in default and liable to the United States for repayment of the scholarship money plus damages pursuant to a treble damages clause in the contract. Health Professional Educational Assistance Act of 1976, Pub. L. 94-484, sec. 408(b)(1), 90 Stat. 2243, 2286, 42 U.S.C. sec. 254o(b)(1) (Supp. IV, 1981).

Petitioner, believing he was not in default, filed a civil suit in the United States District Court for the District of Columbia against the Secretary of DHHS in Keane v. Bowen, Civil Action No. 86-02574-SS.

In October 1987, petitioner reached a settlement with DHHS, and the case was dismissed. Under the terms of the agreement, a promissory note was executed whereby petitioner agreed to pay $125,000 to DHHS representing the $45,805 in original principal and $79,195 in previously accrued interest. Additional interest on the unpaid balance was also due at the rate of 7.22 percent per annum.

In taxable years 1991, 1992, and 1993, petitioners claimed Schedule C business deductions for the interest paid on the promissory note in the amounts of $7,249, $5,220, and $5,409, respectively. Respondent disallowed these deductions on the

grounds that they were neither business expenses under section 162 nor deductible interest expenses under section 163.

OPINION

Respondent contends that the interest payments on the promissory note are nondeductible personal expenses. The interest accrued on funds that were characterized in the promissory note as petitioner's "medical school tuition and expenses".[3] Therefore, respondent argues that these payments are of a personal nature and do not qualify as either section 162 business expenses or section 163 interest expenses.

Petitioner's position is that the interest payments are deductible business expense because settlement of his claim with DHHS allowed petitioner to avoid his medical service obligation thereby enabling him to devote more time to his medical practice.

---

[3]The Settlement Agreement and Mutual Release signed on behalf of the Secretary and the petitioner states:

1.  Dr. Keane shall pay to the Secretary the principal sum of one hundred twenty-five thousand dollars ($125,000.00), (representing forty-five thousand eight hundred and five dollars ($45,805.00) in original principal (i.e., the monies expended on Dr. Keane's behalf for his medical school tuition and expenses), plus previously accrued interest totaling seventy-nine thousand one hundred ninety-five dollars ($79,195.00) claimed by the Secretary under 42 U.S.C. Section 254o(b)(1)), plus additional interest on the unpaid balance compounded at the rate of seven and twenty-two one-hundreths [sic] percent (7.22%) per annum, in a single lump-sum payment plus quarterly installments as set forth in the Promissory Note which is appended to this Agreement as Attachment 1. [Emphasis added.]

Pursuit of his medical practice is a profit generating business activity which generates taxable income, and this, petitioner argues, should entitle him to deductions under sections 162 or 163. The interest incurred is not related to the repayment of medical school tuition and expenses, petitioner argues; rather, the agreement is an entirely new contract and should be examined independently from the original scholarship agreement with DHHS.

Even if the payments under the agreement do not constitute repayment of student loans, respondent argues they are repayments of a qualified scholarship under section 117, meaning that interest payments incurred during repayment are not deductible because they are directly related to the production of tax-exempt income and are subject to the nondeductibility limitations of section 265.

The issue for decision is whether petitioner may deduct the interest portion of the payments he made pursuant to the settlement agreement with DHHS in 1987. Deductions are strictly a matter of legislative grace, and petitioner must prove his entitlement to any deductions claimed. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). If petitioner can prove the interest payments were an expense incurred in carrying on his trade or business, he may be entitled to business expense deductions under section 162. Alternatively, if petitioner can

prove that his interest payments are not of a personal nature, he may qualify for interest deductions under section 163.

Section 162 - Trade or Business Expense

A deduction shall be allowed for all ordinary and necessary expenses paid during the taxable year in carrying on a taxpayer's trade or business.  Sec. 162; sec. 1.162-1, Income Tax Regs.  An expense is ordinary if it arises out of the normal operations of the business.  Deputy v. du Pont, 308 U.S. 488 (1940).  An expense is necessary if it is appropriate and helpful to the taxpayer's business.  Welch v. Helvering, 290 U.S. 111, 114 (1933).  Interest payments on a settlement may be deducted if the payments have a business origin and are proximately related to the taxpayer's trade or business.  United States v. Gilmore, 372 U.S. 39, 49 (1963); Deputy v. du Pont, supra at 493-494; Harden v. Commissioner, T.C. Memo. 1991-454.

Business origin is described as the "character of the claim with respect to which an expense was incurred".  United States v. Gilmore, supra at 49.  It is not the consequence of the litigation on the taxpayer's trade or business; it is the origin of the underlying claim which is determinative.  United States v. Gilmore, supra.  The question to be answered is, out of what kind of transaction did petitioner's interest expenses arise.  Boagni v. Commissioner, 59 T.C. 708, 713 (1973).

In this case, petitioner's interest expenses arose out of the settlement of his lawsuit with DHHS. The settlement agreement was entered into to determine the respective rights of the parties as a result of petitioner's declaratory judgment lawsuit.[4] Petitioner correctly points out that the 1987 settlement agreement is a completely new contract between petitioner and DHHS. But the fact that a new contract has been entered does not affect the nature of the claim. We must look behind this new agreement to the underlying claim which brought about the settlement. The lawsuit itself was the reason for the settlement and subsequent interest payments, so we must examine the underlying nature of the lawsuit to determine whether it has a business origin.

The underlying claim of the lawsuit between petitioner and DHHS relates to the NHSC scholarship contract. Therefore, the interest payments were made pursuant to the settlement of this contract dispute. The NHSC contract provided that petitioner would receive scholarship tuition from DHHS in exchange for his promise to serve as an employee of DHHS for a term of years following graduation. Generally, education expenditures are

---

[4]Petitioner argues that his primary motive in settling the lawsuit with DHHS was to eliminate the chance that he would have to interrupt his medical practice to perform services for DHHS. The record, however, indicates that this was not a realistic possibility. DHHS sought from petitioner money damages, not specific performance.

deductible only if they are incurred to maintain or improve the taxpayer's employment or to meet the express requirements of the job.  Sec. 1.162-5(a), Income Tax Regs.

Educational expenses incurred to allow the taxpayer to meet the minimum educational requirements for his job qualification are considered personal expenses and are not deductible.  Taubman v. Commissioner, 60 T.C. 814, 819 (1973) (law school expenses not deductible when legal education prepared taxpayer for new career); sec. 1.162-5(b), Income Tax Regs.  In this case, petitioner is repaying money he received as a tuition scholarship while studying for his medical degree at Brown.  A medical degree is a necessary step to practice medicine as a doctor.  Repayment of these funds under the NHSC contract is therefore a personal expense because the funds were originally expended to enable him to enter into a new profession.  Petitioner's interest payments are personal expenditures and not incurred in carrying on a trade or business.  Deductions for them are disallowed under section 162.

Section 163 - Interest Deduction

Petitioner alternatively argues that his interest payments are deductible under section 163.  Generally, section 163 provides that interest on indebtedness is deductible by the taxpayer in the year it is paid.  Sec. 163(a).  However, substantial limitations are placed on this general rule which may

limit or prohibit the taxpayer from deducting indebtedness interest at all.

Section 163(h) provides that for an individual taxpayer, personal interest is nondeductible.  Personal interest is defined in section 163(h)(2) as the residual of what remains after considering five enumerated exceptions.  These exceptions are:

> (A)  interest paid or accrued on indebtedness properly allocable to a trade or business (other than the trade or business of performing services as an employee),
>
> (B)  any investment interest (within the meaning of subsection (d)),
>
> (C)  any interest which is taken into account under section 469 in computing income or loss from a passive activity of the taxpayer,
>
> (D)  any qualified residence interest (within the meaning of paragraph (3)), and
>
> (E)  any interest payable under section 6601 on any unpaid portion of the tax imposed by section 2001 for the period during which an extension of time for payment of such tax is in effect under section 6163 or 6166 or under section 6166A (as in effect before its repeal by the Economic Recovery Tax Act of 1981).

Section 163(h)(2).

The first exception relating to interest paid on a trade or business expense is the only exception that potentially relates

to petitioner's case.[5]  Petitioner maintains that the settlement of his claim with DHHS was a decision made out of concern for his private medical practice, and thus payments made pursuant to the agreement are in pursuit of his trade or business.  This is essentially the same argument he makes in support of deductibility under section 162.

Similar to our section 162 analysis, interest on indebtedness must be allocated in the same manner as its underlying debt.  Sec. 1.163-8T, Temporary Income Tax Regs., 52 Fed. Reg. 24999 (July 2, 1987).  Underlying debt is allocated by tracing specific disbursements of the proceeds to specific expenditures.  Sec. 1.163-8T, Temporary Income Tax Regs., 52 Fed. Reg. 24999 (July 2, 1987).  If the underlying debt is incurred as a personal expenditure, the interest on that debt may not be deducted under section 163.  Sec. 1.163-8T(a)(4)(ii), Ex. 1, Temporary Income Tax Regs., 52 Fed. Reg. 25000 (July 2, 1987).

Personal expenditures are defined in the Temporary Income Tax Regs., section 1.163-8T(b)(5), 52 Fed. Reg. 25000 (July 2, 1987), as any expenditure that is not a trade or business expenditure, a passive activity expenditure, or an investment

---

[5]The record is devoid of facts or argument which suggests that petitioner's indebtedness interest is allocable to property held for investment, sec. 163(h)(2)(B), passive activity, sec. 163(h)(2)(C), a qualified residence, sec. 163(h)(2)(D), or interest on any unpaid portion of tax imposed by sec. 2001, sec. 163(h)(2)(E).

expenditure. We have already concluded that the payments do not constitute trade or business expenditures, and petitioner has offered nothing to show that his interest payments relate to either passive activity or investment expenditures. We therefore hold petitioner may not deduct his interest payments under section 163.

Section 265 - Tax Exempt Income

Respondent argues that section 265 also prevents petitioner from deducting the interest expenses here at issue. Because the Court concludes that petitioner's interest payments are not deductible under either section 162 or 163, we decline to examine the implications of section 265 on petitioner's scholarship repayment.

For the foregoing reasons, we sustain respondent's determination that petitioner is liable for the deficiency relating to the deduction of his interest payments for 1991, 1992, and 1993.

To reflect the foregoing,

Decision will be entered

under Rule 155.