*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 05a0173p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

SHERWIN-WILLIAMS COMPANY, EMPLOYEE HEALTH
PLAN TRUST, KEYBANK, N.A. TRUSTEE,

*Plaintiff-Appellant,*

No. 03-3029

*v.*

UNITED STATES OF AMERICA,

*Defendant-Appellee.*

---

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 01-02091—John M. Manos, District Judge.

Submitted: November 2, 2004

Decided and Filed: April 13, 2005

Before: MARTIN and BATCHELDER, Circuit Judges; JORDAN, Senior District Judge.[*]

---

**COUNSEL**

**ON BRIEF:** Robert K. Olson, Michael T. Cummins, THE SHERWIN-WILLIAMS COMPANY, Cleveland, Ohio, for Appellant. Gretchen M. Wolfinger, Kenneth L. Greene, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

---

**OPINION**

---

BOYCE F. MARTIN, JR., Circuit Judge. Sherwin-Williams Company, Employee Health Plan Trust, Keybank, N.A. Trustee, appeals the district court's award of summary judgment in favor of the United States on the Trust's claim for a refund of claimed overpayment of federal income taxes. For the reasons that follow, and for those expressed in the district court's well-reasoned opinion, we AFFIRM.

---

[*]The Honorable R. Leon Jordan, Senior United States District Judge for the Eastern District of Tennessee, sitting by designation.

**I.**

The facts of this case are generally undisputed. The Trust is a Voluntary Employees' Beneficiary Association, which is exempt from federal income tax pursuant to sections 501(a) and 501(c)(9) of the Internal Revenue Code. Despite its exempt status, the Trust is still subject to taxation on its "unrelated business taxable income" pursuant to sections 511 and 512 of the Code. Unrelated business taxable income is defined as gross income derived from any unrelated trade or business activity regularly carried on by the entity in question. *See* 26 U.S.C. § 512(a)(1). The parties agree that the Trust's investment income constitutes unrelated business taxable income that is subject to taxation. The sole issue in this case is at what rate that investment income should be taxed. The Trust argues that the lower "corporate" rate of taxation applies, *see* 26 U.S.C. § 11 (providing rate schedule applicable to the taxable income of corporations), whereas the United States argues that the higher "trust" rate of taxation applies, *see* 26 U.S.C. § 1(e) (providing rate schedule applicable to the taxable income of trusts and estates).

The tax returns for which the Trust seeks a refund were filed for tax years 1994, 1995 and 1996. When filing those tax returns, the Trust calculated its liabilities utilizing the trust rate of taxation. The Trust alleges that during an audit of an earlier tax period (1991 and 1992), an examining Internal Revenue Service agent suggested that the applicable tax rate for the Trust's investment income should be assessed at corporate rates rather than trust rates. The Trust alleges that its tax counsel concurred with the agent's position. Accordingly, on May 13, 1998, the Trust filed amended tax returns for the 1994, 1995 and 1996 years using the lower corporate tax rate, and sought a refund for what it perceived was an overpayment of taxes for those years. On March 2, 2002, the Service denied the Trust's refund claims.

This lawsuit followed. On October 2, 2002, the district court granted the United States' motion for summary judgment, holding that the trust rate of taxation applied to the Trust's investment income and that, accordingly, the Trust was not entitled to a refund of any portion of the taxes it paid for the 1994, 1995 or 1996 tax years. The Trust filed this timely appeal.

**II.**

The sole issue presented in this appeal is whether the unrelated business taxable income of a section 501(c)(9) Voluntary Employees' Beneficiary Association, organized as a trust, should be taxed at the trust rate set forth in section 1(e) of the Code, as the United States argues, or at the corporate rate set forth in section 11, as the Trust argues. We review de novo the district court's award of summary judgment in favor of the United States. *Detroit Water Team Joint Venture v. Agricultural Ins. Co.*, 371 F.3d 336, 338 (6th Cir. 2004). Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether a genuine issue of material fact exists, we must draw all reasonable inferences in favor of the nonmoving party. *Detroit Water Team Joint Venture*, 371 F.3d at 338.

In tax refund cases, "the taxpayer bears the burden of proving the amount he is entitled to recover." *United States v. Janis*, 428 U.S. 433, 440 (1976). The Service's tax liability determination is presumed correct. *Welch v. Helvering*, 290 U.S. 111 (1933). "[T]he presumption is that taxes paid are rightly collected upon assessments correctly made by the [Service], and in a suit to recover them the burden rests upon the taxpayer to prove all the facts necessary to establish the illegality of the collection." *Niles Bement Pond Co. v. United States*, 281 U.S. 357, 361 (1930) (citation omitted). The taxpayer must prove its entitlement to a tax refund by a preponderance of the evidence. *See, e.g., United States v. Lease*, 346 F.2d 696, 700 (2d Cir. 1965); *Seminole Thriftway, Inc. v. United States*, 42 Fed. Cl. 584 (1998).

In determining the proper rate of taxation, we must consult several sections of the Internal Revenue Code.  The logical starting point is section 511, which imposes a tax on the unrelated business taxable income of exempt organizations.  Section 511(a) provides that the corporate tax rate generally applies to tax-exempt organizations, but not to "a trust described in subsection (b)."  Section 511(b)(1) provides that the trust tax rate applies to "trusts described in section 511(b)(2)."  Thus, we must determine whether the Trust in this case qualifies as a "trust[] described in section 511(b)(2)."

Section 511(b)(2) provides as follows:

Charitable, Etc., Trusts Subject to Tax. -
The tax imposed by paragraph (1) shall apply in the case of any trust which is exempt, except as provided in this part or part II (relating to private foundations), from taxation under this subtitle by reason of section 501(a) and which, if it were not for such exemption, would be subject to subchapter J (sec. 641 and following, relating to estates, trusts, beneficiaries, and decedents).

Beginning with section 641, subchapter J provides that "[t]he tax imposed by section 1(e) [i.e., the rate applicable to trusts and estates] shall apply to the taxable income of estates or *of any kind of property held in trust*."  (Emphasis added.)  The district court held that the Trust was, in fact, a "trust[] described in section 511(b)(2)" because, but for its exempt status, it "would be subject to subchapter J." *Sherwin-Williams Co. Employee Health Plan Trust v. United States*, 1:01-CV-2091, 2002 WL 31476911, at * 3 (N.D. Ohio Oct. 2, 2002).

In its attempt to prove that it is not subject to subchapter J—and, therefore, is not subject to the trust tax rate—the Trust relies heavily upon Treasury Regulation § 1.641(a)-0, entitled "Scope of Subchapter J."  In particular, the Trust cites the last sentence of Regulation § 1.641(a)-0(a), which states that "the provisions of Subchapter J do not apply to employee trusts subject to Subchapters D and F, Chapter 1 of the Code, and common trust funds subject to Subchapter H, Chapter 1 of the Code."  The Trust argues that it is not subject to subchapter J because it is subject to both subchapter D and subchapter F.  Subchapter D includes Code sections dealing with deferred compensation, while Subchapter F includes Code sections, including section 501, providing for tax exemption.  It is undisputed that the Trust is subject to Subchapter F, simply by virtue of its tax exempt status under section 501 for being a section 501(c)(9) Voluntary Employees' Beneficiary Association.  As the district court explained, however, that fact is irrelevant for purposes of determining the proper rate at which to tax the Trust's unrelated business taxable income.  Section 511(b)(2) instructs that, in analyzing whether the trust rate or the corporate rate applies, we must determine whether the tax exempt trust would be subject to subchapter J for some reason other than the fact of its tax exempt status.  The Trust has failed to establish that it is subject to subchapter F for a reason other than its tax exempt status, nor has it proven that it is subject to subchapter D.  An employee trust must be subject to both subchapters D and F in order to avoid being subject to subchapter J, *see* Treas. Reg.§ 1.641(a)-0(a), and the Trust in this case has failed to prove that it is subject to either provision.

The Trust also argues that its position is supported by Treasury Regulation § 1.511-2.  The Trust points out that section 501(c)(9) organizations—of which the Trust, as a Voluntary Employees' Beneficiary Association, is a type—are specifically mentioned in Treasury Regulation § 1.511-2(a), which describes those entities subject to the corporate rate ("In the case of an organization described in section 501(c) . . . (9) . . . , the taxes imposed by section 511(a)(1) [the corporate rate] apply only for taxable years beginning after December 31, 1969."), but not in § 1.511-2(b), the parallel Treasury Regulation describing those entities subject to the trust rate.  According to the Trust, "if the drafters of the regulation actually intended for 501(c)(9) organizations to be taxed as either trusts or corporations depending on their organizational structure,

they would have identified 501(c)(9) [Voluntary Employees' Beneficiary Associations] under both sections just as they did with section 501(c)(18) organizations. Yet they did not."

The district court persuasively rejected this argument. It reasoned that the mention of section 501(c)(9) organizations in § 1.511-2(a) but not in § 1.511-2(b) is of no consequence here because, in any event, it is clear that § 1.511-2(b), and not § 1.511-2(a), applies to the Trust. It is undisputed that Voluntary Employees' Beneficiary Associations can exist in different forms. They can be trusts or other organizations. Treasury Regulation § 1.511-2(a) applies only to "[o]rganizations other than trusts," whereas § 1.511-2(b) applies specifically to "[t]rusts." Accordingly, as the district court explained, Voluntary Employees' Beneficiary Associations that are organized as trusts—like the Trust in this case—are governed by § 1.511-2(b), and those that exist in organizational forms other than trusts are governed by § 1.511-2(a). Therefore, the Trust's reliance upon the Treasury Regulations is misplaced.

The Trust also invokes legislative history in support of its argument. Because the relevant Code provisions are unambiguous, however, there is no need to consult legislative history. *See, e.g., Meyers v. Columbia v. HCA Healthcare Corp.*, 341 F.3d 461, 472 (6th Cir. 2003) ("Where the language of the statute is not ambiguous, it is unnecessary to resort to legislative history.").

Finally, the Trust raises a claim of disparate treatment. There is no dispute that, as a general matter, similarly situated taxpayers should not be treated differently. S*ee Oshkosh Truck Corp. v. United States*, 123 F.3d 1477, 1481 (Fed. Cir. 1997) (holding that, absent a rational reason for disparate treatment, similarly-situated taxpayers should be treated in a similar fashion). The Trust asserts that it is the victim of disparate treatment because the unrelated business taxable income of a taxpayer called CP&L Employee Benefits Trust was taxed several years ago at the corporate rate. To avoid such disparate treatment, the Trust argues, its unrelated business taxable income should be taxed at the same rate imposed on the CP&L Trust.

The only available information about the CP&L matter is a tax court petition filed in a deficiency proceeding captioned *CP&L Employee Benefits Trust v. Commissioner* (Tax Court Docket No. 2273-01). Although it does appear from that petition that the CP&L Trust's unrelated business taxable income was taxed at the corporate rate, rather than the trust rate, that fact alone is insufficient to prove disparate treatment. First, the CP&L matter is distinguishable from the present case because it involved a deficiency proceeding rather than a refund suit, and because the issue presented concerned the *amount* of income that was subject to tax, not the *rate* at which that income should be taxed. Second, we cannot discern from the CP&L petition alone whether the CP&L Trust is similarly situated in all relevant respects to the Trust in this case. Finally, even assuming that the two trusts are similarly situated, the fact that the CP&L Trust's unrelated business taxable income was taxed at the corporate rate, rather than the trust rate, appears to have been an isolated—and, as illustrated by the foregoing analysis, erroneous—occurrence. *See Vons Cos., Inc. v. United States*, 51 Fed. Cl. 1, 10 n.10 (2001) ("the manifest weight of precedent rejects a 'least common denominator' notion of federal taxation, in which the law that Congress actually enacts can be short-circuited and disregarded any time the IRS has afforded a single taxpayer or even a group of taxpayers treatment more favorable than the law provides"). Therefore, the Trust's disparate treatment argument lacks merit.

### III.

For these reasons, and those expressed by the district court, we AFFIRM.