NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0505n.06
Filed: June 14, 2005

No. 04-3634

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

LISA OLLICER HARRIS, et al.,

      Plaintiffs-Appellants,

v.

SUNOCO, INC., et al.,

      Defendants-Appellees.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE NORTHERN
DISTRICT OF OHIO

_____/

Before:      MARTIN and ROGERS, Circuit Judges; McKINLEY, District Judge.[*]

      BOYCE F. MARTIN, JR., Circuit Judge. Lisa Ollicer Harris appeals the district court's

grant of summary judgment to her employer, Sunoco, Inc., in this employer intentional-tort case.

For the following reasons, we **AFFIRM**.

I.

      Harris began working for the Sun Oil refinery, operated by Sunoco, near Toledo, Ohio, in

April 1980. On January 19, 2000, at approximately 8:00 a.m., a fire erupted at one of the plants

located at the refinery. Harris, who worked in the Transfer and Shipping Department, was driving

on a road behind the plant when she noticed the fire. Harris notified the refinery dispatcher of the

blaze. Although company policy allegedly required Harris to return to the Transfer and Shipping

_____

[*]The Honorable Joseph H. McKinley, Jr., United States District Judge for the Western
District of Kentucky, sitting by designation.

Department in the event of a fire, Harris instead stopped her truck and helped another employee attempting to attach a hose to a hydrant. She apparently did so without wearing proper protective equipment, which is also required under the company's fire procedures. While Harris was exiting her vehicle, butane vapors, which had escaped from a sewer system, vented through a manhole cover, causing a secondary explosion of fire. Harris was engulfed in fire and suffered second- and third-degree burns, and has since been unable to work.

On January 10, 2002, Harris and her children filed a complaint in Ohio state court alleging that they were injured due to an "Ohio Workplace Injury Employer Tort." The case was removed to the Northern District of Ohio on February 8, 2002. On June 12, 2003, Sunoco filed a motion for summary judgment. The district court granted the motion on April 8, 2004, finding that Harris could not produce any evidence from which a jury could find, as required under the applicable Ohio law, that Sunoco acted to require the employee to perform the dangerous task. Harris has appealed that judgment to this Court, claiming that the district court erred in granting summary judgment to Sunoco.

## II.

This Court reviews a grant of summary judgment de novo. *Sherwin-Williams Co. v. United States*, 403 F.3d 793, 795 (6th Cir. 2005). Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In considering whether a genuine issue of

material fact exists, we draw all reasonable inferences in favor of the nonmoving party. *Mitchell v. Vanderbilt Univ.*, 389 F.3d 177, 181 (6th Cir. 2004).

The only issue presented in this appeal is whether the district court was correct to grant summary judgment to Sunoco on Harris's intentional-tort claim. Although the Ohio Workers' Compensation Act, Ohio Rev. Code § 4123.01 et seq., generally provides the exclusive remedies for employees injured at the workplace, an injured employee may, in some cases, also recover under an intentional-tort theory of liability under Ohio law. The Ohio Supreme Court originally set forth the intentional-tort test in *Van Fossen v. Babcock & Wilcox Co.*, 522 N.E.2d 489, 491 (Ohio 1988), and subsequently modified that test in *Fyffe v. Jeno's, Inc.*, 570 N.E.2d 1108, 1112 (Ohio 1991). Under the *Fyffe* standard, which applies to the accident in this case,[1] Harris is required to establish the following to present an intentional-tort claim:

> (1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty; and (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task.

---

[1]After the Ohio Supreme Court decided *Fyffe*, the Ohio General Assembly enacted Ohio Rev. Code § 2745.01 (effective November 1, 1995), in an attempt to overrule it and other intentional-tort cases and replace the standards articulated therein with a more heightened plaintiff burden. However, in *Johnson v. BP Chemicals, Inc.*, 707 N.E.2d 1107, 1114 (Ohio 1999), the Ohio Supreme Court struck down section 2745.01 as "unconstitutional in its entirety." This decision thus reinstated the applicability of the standard articulated in *Fyffe*. While it appears that the Ohio General Assembly has again enacted another version of section 2745.01 (effective April 7, 2005), that statute was not effective at the time the injury occurred in this case. Thus, we conclude that the *Fyffe* standard applies.

*Id.* at 1109 (syllabus). "To establish an intentional tort of an employer, proof beyond that required to prove negligence and beyond that to prove recklessness must be established." *Id.* at 1110 (syllabus). It must be shown that "the employer kn[ew] that injuries to employees [were] certain or substantially certain to result from the process, procedure or condition." *Id.* (syllabus).

The district court apparently considered Harris's theory of recovery to be that the "dangerous task" that led to her injury was being near the scene of the fire and helping to attach the hose to the hydrant. The district court granted summary judgment to Sunoco on this theory because it found that Harris could not establish the third prong of the *Fyffe* test—namely, that Sunoco required Harris to perform the dangerous task. To the extent that Harris's theory of recovery is based on her work near the scene of the fire, we agree with the district court that Harris is unable to show that she was forced or required to engage in that activity. First, Harris volunteered, rather then being instructed, to go near the scene of the fire, while alternative (and less dangerous) routes and options were available. *See, e.g.*, *Shelton v. U.S. Steel Corp.*, 710 F. Supp. 206, 211 (S.D. Ohio 1989) (holding that a worker who volunteered to assist in the work that led to his injury could not demonstrate an intentional tort on the part of his employer), *aff'd*, 892 F.2d 80 (6th Cir. 1989) (unpublished table decision); *Robinson v. Icarus Indus. Constructing & Painting Co.*, 762 N.E.2d 463, 468-69 (Ohio Ct. App. 2001) (holding that an employee could not establish *Fyffe*'s third prong where he "placed himself in danger by choice and not as a requirement of his employment"). Moreover, the record is devoid of any evidence suggesting that Sunoco, through its actions and policies, *implicitly* required Harris to engage in this task. *Cf. Hannah v. Dayton Power & Light Co.*, 696 N.E.2d 1044, 1047 (Ohio 1998) (holding that in order to overcome summary judgment, an employee can satisfy

the third prong of *Fyffe* by presenting evidence that raises an inference that the employer implicitly required the employee to engage in the dangerous task).

Second, summary judgment is also appropriate under this theory because Harris violated company policy by stopping and assisting at the scene in this case without wearing proper protective equipment. According to company policy relating to fires, Harris was apparently required to wear protective gear at a fire scene, to prevent precisely the sort of injuries that she sustained. This violation of company policy was sufficient to grant summary judgment for Sunoco as to this theory of recovery. *See, e.g.*, *Goodin v. Columbia Gas of Ohio, Inc.*, 750 N.E.2d 1122, 1136-40 (Ohio Ct. App. 2000) (finding employer not liable for intentional tort where employee engaged in dangerous act without using required safety equipment).

To the extent that Harris claims that the "dangerous task" that led to her injury was merely being exposed to a refinery-wide "zone-of-danger" because of dangerous procedures used at the refinery, we reject this theory under the second prong of the *Fyffe* test. Under this requirement, Harris must show "knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty." *Fyffe*, 570 N.E.2d at 1109 (syllabus). In this context, Ohio tort law requires more than "mere knowledge and appreciation of a risk." *Id.* at 1110. As the *Fyffe* court stated:

> To establish an intentional tort of an employer, proof beyond that required to prove negligence and beyond that to prove recklessness must be established. Where the employer acts despite his knowledge of some risk, his conduct may be negligence. As the probability increases that particular consequences may follow, then the employer's conduct may be characterized as recklessness. As the probability that the

> consequences will follow further increases, and the employer knows that injuries to
> employees are certain or substantially certain to result from the process, procedure or
> condition and he still proceeds, he is treated by the law as if he had in fact desired to
> produce the result. However, the mere knowledge and appreciation of a
> risk—something short of substantial certainty—is not intent.

*Id.* (citations omitted). Ohio courts have consistently required plaintiffs to shoulder the "heavy burden" of demonstrating knowledge by the employer that harm would be a substantial certainty. *Young v. Indus. Molded Plastics, Inc.*, 827 N.E.2d 852, 858 (Ohio Ct. App. 2005) (holding that employee could not establish "substantial certainty" for employer intentional-tort claim where employee was injured by a machine press).

In the present case, we are unconvinced that Sunoco knew that harm to Harris was a substantial certainty because of the allegedly dangerous procedures used at the refinery. Our review of the record revealed insufficient evidence to support this intentional-tort claim. Furthermore, absence of prior similar accidents strongly suggests a lack of employer knowledge in intentional-tort claims under Ohio law, s*ee, e.g.*, *Van Fossen*, 522 N.E.2d at 505, and Harris has pointed to no evidence of any previous fires similar to the one that occurred here. For these reasons, we hold that *Fyffe*'s second prong is not satisfied under Harris's zone-of-danger theory.

III.

Because we are convinced that Harris has presented no genuine issue of material fact as to her intentional-tort claim, we **AFFIRM** the district court's grant of summary judgment to Sunoco.