RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 14a0027p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

TRIPP DARGIE and HOLLEY DARGIE,
          *Plaintiffs-Appellants*,

          *v.*

UNITED STATES OF AMERICA,
          *Defendant-Appellee*.

No. 13-5608

———————————

Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
No. 2:12-cv-02169—Diane K. Vescovo, Magistrate Judge.

Argued: January 21, 2014

Decided and Filed:  February 5, 2014

Before:  SUHRHEINRICH, SILER, and KETHLEDGE, Circuit Judges.

———————————

**COUNSEL**

**ARGUED:** Thomas R. Buckner, APPERSON CRUMP PLC, Memphis, Tennessee, for Appellants.  Janet A. Bradley, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.  **ON BRIEF:** Thomas R. Buckner, APPERSON CRUMP PLC, Memphis, Tennessee, for Appellants.  Janet A. Bradley, Michael J. Haungs, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

———————————

**OPINION**

———————————

SILER, Circuit Judge.  Tripp and Holley Dargie brought a taxpayer lawsuit in 2012 claiming the Internal Revenue Service (IRS) improperly denied them a business expense deduction for repaying $73,000 plus interest that Tripp Dargie (Dr. Dargie) had originally received from Middle Tennessee Medical Center (MTMC) to cover the cost of his medical education.  The district court granted summary judgment to the United

1

States, finding that because Dr. Dargie had used the funds to meet the initial educational requirements for becoming a physician, the repayment was a personal expense and nondeductible. We **AFFIRM**.

## I.

In 1993, Dr. Dargie enrolled as a student at the University of Tennessee College of Medicine (UT). In 1994, he entered into a Conditional Award Agreement ("the Agreement") with UT and MTMC that provided that MTMC would pay Dr. Dargie's tuition, fees, and other reasonable expenses for attending UT. After graduation and the completion of his residency, Dr. Dargie was required to repay MTMC's grant by either (1) working as a doctor in the medically underserved community of Murfreesboro, Tennessee, for four years or (2) repaying "two (2) times the uncredited amount of all conditional award payments" he received or a lesser amount agreed to by UT. During Dr. Dargie's time in medical school, MTMC paid UT $73,000 on Dr. Dargie's behalf as part of the Agreement.

After completing his medical training in 2001, Dr. Dargie decided not to work as a doctor in Murfreesboro. Instead, he chose to practice in Germantown, Tennessee, near Memphis. In 2002, for not fulfilling his service obligation, Dr. Dargie repaid $121,440.02 – a sum equal to the $73,000 principal he had received plus interest.

In 2005, the Dargies filed an amended tax return for 2002, claiming they had "inadvertently omitted an ordinary and necessary business expense" on their Schedule C for the full amount of the $121,440 repayment Dr. Dargie had made to UT. The Dargies sought to recover a recalculated refund of $30,304 plus interest. The IRS disallowed the deduction under Internal Revenue Code (I.R.C.) § 162 and the Dargies initiated this taxpayer suit claiming the IRS had erred in its decision.

Both parties consented to adjudication by a United States Magistrate Judge. That court granted summary judgment to the United States, finding that Dr. Dargie's repayment of the funds was a personal expense and, regardless, no deduction would be

allowed under I.R.C. § 265(a)(1) because the repaid amount was allocable to income the Dargies had received tax-free.

## II.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  On appeal, a district court's grant of summary judgment is reviewed de novo. *Hughes v. McCarthy*, 734 F.3d 473, 478 (6th Cir. 2013).  In a tax refund suit, plaintiffs have the burden of proving by a preponderance of the evidence that they are entitled to a refund. *Sherwin-Williams Co. v. United States*, 403 F.3d 793, 796 (6th Cir. 2005).

## III.

Dr. Dargie asserts that the $121,440 amount he sent UT in 2002 was a "damages payment" for breaching the Agreement with MTMC to work in Murfreesboro after his medical training.[1]  Consequently, he argues the payment was an ordinary and necessary business expense permitted under I.R.C. § 162(a) because it enabled him to pursue his for-profit medical practice in a different area of the state.  The government contends that the payment to UT does not qualify as a deduction because educational expenses that allow an individual to meet the minimum requirements for practicing a given profession are personal.

A taxpayer may deduct "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business."  I.R.C. § 162(a); *see also* Treas. Reg. § 1.162-1.  "For an expense to be deductible under section 162(a), it must meet five basic elements: (a) It must be ordinary; (b) it must be necessary; (c) it must be paid or incurred by the taxpayer in the taxable year; (d) there must be a trade or business; and (e) the expense must arise in connection with or proximately result from that trade or business." *Peters, Gamm, West & Vincent, Inc. v. Comm'r*, 71 T.C.M. (CCH) 2789,

---

[1]Notwithstanding his "liquidated damages" characterization, Dr. Dargie's deposition answers and his notation on the check itself ("Murfreesboro Repayment") all give the impression he understood he was repaying the $73,000 principal provided by MTMC plus interest.

1996 WL 182545, at *4 (1996).  The main point of contention in this case surrounds the last element:  whether the expense the Dargies are claiming arose in the course of a trade or business or whether it was a personal expense.

To determine whether an expense is a non-deductible personal expense or a deductible business expense, courts look to "the origin and character of the claim with respect to which an expense was incurred, rather than its potential consequences upon the fortunes of the taxpayer."  *United States v. Gilmore*, 372 U.S. 39, 49 (1963).  Thus, the circumstances under which Dr. Dargie *received* the money determine its business or personal characterization, not the circumstances under which he repaid it.

In this case, Dr. Dargie does not dispute that MTMC paid for his medical education and that education enabled him to meet the prerequisites for working as a physician.  Moreover, U.S. Treasury regulations specifically categorize as non-deductible "expenditures made by an individual for education which is required of him in order to meet the minimum educational requirements for qualification in his employment or other trade or business."  Treas. Reg. § 1.162-5(b)(2); *see Keane v. Comm'r*, 75 T.C.M. (CCH) 2046, 1998 WL 126857, at *3 (1998) (holding that "[e]ducational expenses incurred to allow [a] taxpayer to meet the minimum educational requirements for his job qualification are considered personal expenses."); *see also Taubman v. Comm'r*, 60 T.C. 814, 819 (1973) (holding that law school tuition expenses are nondeductible under I.R.C. § 162 because they allow a taxpayer to qualify in a new trade or business).  Dr. Dargie cites no court decision that upholds a business deduction in a circumstance similar to his.

**IV.**

We agree with the district court that Dr. Dargie's repayment to UT in 2002 was a personal expense and, therefore, not deductible under I.R.C. § 162.  We do not reach the issue of whether I.R.C. § 265 applies to the payment made by Dr. Dargie because it is unnecessary to resolve the case.

**AFFIRMED.**