NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0239n.06

No. 13-2602

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

MARK ANTHONY REED-BEY,                          )
                                                )          **FILED**
        Plaintiff-Appellant,                    )       Apr 02, 2015
                                                )    DEBORAH S. HUNT, Clerk
v.                                              )
                                                )
GEORGE PRAMSTALLER; S. VADLAMUDI;               )
RICHARD D. RUSSELL; BUREAU OF HEALTH            )    ON APPEAL FROM THE UNITED
CARE MICHIGAN DEPARTMENT OF                     )    STATES DISTRICT COURT FOR
CORRECTIONS; CAROLYNN DUBUC;                    )    THE EASTERN DISTRICT OF
MICHIGAN DEPARTMENT OF                          )    MICHIGAN
CORRECTIONS; ANDREW JACKSON;                    )
CORRECTIONAL MEDICAL SERVICES, INC.,            )
                                                )
        Defendants-Appellees,                   )
                                                )
and                                             )
                                                )
JOHN DOE, et al.,                               )
                                                )
        Defendants.                             )


Before: DAUGHTREY and KETHLEDGE, Circuit Judges; ECONOMUS, District Judge.[*]


        DAUGHTREY, Circuit Judge.    Mark Anthony Reed-Bey, a Michigan state prisoner

proceeding *pro se*, appeals a district court judgment dismissing his civil-rights complaint filed

pursuant to 42 U.S.C. § 1983 and moves for oral argument. This case has been referred to a

panel of the court pursuant to Federal Rule of Appellate Procedure 34(a)(2)(C), which permits us

---

[*]The Honorable Peter C. Economus, United States District Judge for the Northern District of Ohio, sitting
by designation.

to dispense with oral argument when we conclude that it would not significantly aid the decision. Upon examination, we conclude that oral argument is not needed, and we deny Reed-Bey's motion in this regard. Fed. R. App. P. 34(a).

On September 12, 2005, Reed-Bey, while in the custody of the Michigan Department of Corrections (MDOC), injured his shoulder during a prison basketball game. Reed-Bey was examined at Detroit Receiving Hospital that evening by an emergency room physician who noted that one of the bones in Reed-Bey's shoulder was visibly out of place. Upon his return to the prison facility, a nurse provided Reed-Bey with a seven-day prescription for Vicodin. Almost three months later, on December 1, prison officials finally sent Reed-Bey to an orthopedic specialist, who advised Reed-Bey that his shoulder required surgery. Prison officials did not approve his shoulder surgery until sometime after March 2006.

In March 2006, Reed-Bey sued the MDOC; Correctional Medical Services, Inc. (CMS); the Bureau of Health Care Services (the BHCS); Andrew Jackson, the MCF Warden; George Pramstaller, former Chief Medical Officer for the MDOC; Richard Russell, former BHCS Administrator; Carolynn DuBuc, the MDOC Region III Health Care Administrator; Nurses Justina Nzums and Ruth Ingram; and Doctor Seetha Vadlamudi. Reed-Bey claimed that the defendants violated his rights by denying and delaying medical treatment for his shoulder injury. The district court *sua sponte* dismissed the complaint pursuant to the "total exhaustion rule." We vacated the district court's judgment in light of *Jones v. Bock*, 549 U.S. 199 (2007). *Reed-Bey v. Pramstaller*, No. 06-1812 (6th Cir. Apr. 25, 2007).

On remand, defendants CMS, the MDOC, Russell, Pramstaller, the BHCS, and Vadlamudi moved for summary judgment. A magistrate judge filed a report recommending that the district court grant these defendants' motions and dismiss the complaint for failure to exhaust administrative remedies because Reed-Bey failed to name any of them in his initial grievance. Over Reed-Bey's objections, the district court adopted the magistrate judge's recommendation and dismissed the complaint, after *sua sponte* dismissing Reed-Bey's claims against defendants DuBuc, Jackson, and Ingram under Federal Rule of Civil Procedure 12(h)(3). We again vacated the district court's judgment. *Reed-Bey v. Pramstaller*, 603 F.3d 322 (6th Cir. 2010).

On remand, defendants CMS, Pramstaller, and Russell filed motions for summary judgment, to which Reed-Bey responded. The district court granted summary judgment in favor of these defendants, concluding, in part, that Reed-Bey (1) failed to identify a CMS policy or custom that caused a deprivation of his rights and (2) failed to identify an MDOC policy or custom subjecting Pramstaller and Russell to liability or that Pramstaller and Russell were personally involved in his medical treatment.

Subsequently, defendants DuBuc, Jackson, and Vadlamudi moved for summary judgment. The magistrate judge filed a report recommending that the district court: (1) deny Vadlamudi's request for summary judgment and permit Reed-Bey's Eighth Amendment claim against her to proceed to trial and (2) grant summary judgment in favor of defendants Jackson and DuBuc because Jackson was not personally involved in Reed-Bey's medical treatment and DuBuc could not be held liable based solely on her response to Reed-Bey's Step II grievance. Reed-Bey sought additional time to file objections, alleging that he had not received a copy of the report and recommendation. The district court denied Reed-Bey's request, noting that the proof of service indicated that the report was mailed to his correct address. The district court also rejected Vadlamudi's objections, denied her motion for summary judgment, and ordered that Reed-Bey's Eighth Amendment claim against her should proceed to trial on the issue of whether she was liable for any delays and pain suffered by Reed-Bey in September and October 2005. The district court denied Vadlamudi's second motion for summary judgment because that motion asserted the same issues previously rejected. We affirmed. *Reed-Bey v. Pramstaller*, No 12-2041 (6th Cir. July 8, 2013).

In March 2012, Reed-Bey moved for a default judgment against defendants Nzums and Ingram, noting that the defendants had not responded to his complaint. The request was denied. Subsequently, Reed-Bey again filed two motions for a default judgment against defendants Nzums and Ingram. A magistrate judge filed a report concluding that default judgment was not warranted because the defendants in question had never received the complaint, despite the district court's best attempts to have them served, and because there was no initial entry of

default.    Over Reed-Bey's objections, the district court adopted the magistrate judge's recommendation.

In July 2013, Reed-Bey filed a motion requesting the appointment of counsel, which the district court granted.  In October 2013, the district court issued a protective order permitting Reed-Bey's attorney to inspect certain documents listed in the order but directing that the documents not be released to Reed-Bey.    Thereafter, the case proceeded to trial against Vadlamudi.  The jury returned a verdict in favor of Vadlamudi, and the district court entered a final judgment.

On appeal, Reed-Bey argues that the district court erred when it denied him a fair opportunity to litigate fully his Eighth Amendment claim, first, because it restricted the issues he could present against Vadlamudi at trial to her involvement in "pain management" in September and October 2005, thus prohibiting him from presenting evidence that she provided delayed treatment and failed to ensure that he received adequate follow-up treatment after his surgery; second, because it prevented him from objecting to the dismissal of defendants Jackson and DuBuc; and third, because it denied him adequate discovery, which would have allowed him to obtain information concerning a contract between CMS and the MDOC. He insists that the court should have granted his motion for default judgment against Nzums and Ingram because he provided the court with the defendants' addresses and the United States Marshals Service failed to effectuate service on them.  He next claims that the court should not have granted summary judgment in favor of CMS because it delayed his medical treatment by not timely responding to requests from the prison medical staff and by failing to carry out its duty to provide medical treatment to inmates and supervise prison medical staff, as required by its contract with the MDOC. He contends that the court also erred in granting summary judgment to Pramstaller and Russell because they were aware of his medical needs and failed to ensure that he received adequate medical treatment.   Finally, he faults the court for granting summary judgment to DuBuc because she was involved in decisions concerning his medical treatment and failed to resolve his grievance concerning his treatment.

After careful review, we conclude that the district court did not err in determining what issues Reed-Bey could present at trial, specifically by issuing the pre-trial order that prohibited him from submitting to the jury the issue of whether he was denied adequate follow-up treatment. We reach this conclusion because Reed-Bey did not allege any facts in his complaint to indicate that Vadlamudi was responsible for delaying or denying him treatment following his surgery.

Nor did the district court violate Reed-Bey's rights with respect to the dismissal of defendants Jackson and DuBuc. Reed-Bey argues that the district court erred when it denied his motion for an extension of time to file objections to the magistrate judge's February 2012 report and recommendation with respect to the determination that defendants Jackson and DuBuc were not personally involved in Reed-Bey's medical care. Reed-Bey claims that an extension should have been granted because he did not receive a copy of the report. However, as the district court properly noted, the proof of service included in the magistrate judge's report established that it had been mailed to Reed-Bey's correct address.

Finally, the district court did not violate Reed-Bey's rights based on the allegation that Reed-Bey was denied adequate discovery. Reed-Bey argues that, had he been granted adequate discovery, he would have been able to obtain evidence concerning a contract between CMS and the MDOC. Reed-Bey contends, for the first time on appeal, that he is a third-party beneficiary to such a contract. However, because he did not present this issue in the district court, it is forfeited, and we opt not to review it for the first time on appeal. *See Vance v. Wade*, 546 F.3d 774, 781 (6th Cir. 2008).

The district court properly denied Reed-Bey's motion for default *judgment* against defendants Nzums and Ingram pursuant to Federal Rule of Civil Procedure 55(b), because Reed-Bey failed first to obtain an *entry* of default pursuant to Federal Rule of Civil Procedure 55(a). *See, e.g.. O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 352-53 (6th Cir. 2003).

Nor did the district court err in dismissing Reed-Bey's claims against Nzums and Ingram. Under Federal Rule of Civil Procedure Rule 4(m), a plaintiff must serve the summons and complaint upon each defendant within 120 days after the complaint is filed, unless the plaintiff

demonstrates good cause for the failure. When a plaintiff is proceeding *in forma pauperis*, the district court bears the responsibility for issuing the plaintiff's process to a United States Marshal, who must effect service upon the defendants once the plaintiff has properly identified them. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3); *Byrd v. Stone*, 94 F.3d at 217, 219 (6th Cir. 1996). Thus, failure by the Marshals Service to carry out their duties may constitute good cause under Rule 4. *See Byrd*, 94 F.3d at 220. Nevertheless, an incarcerated plaintiff may not shirk all responsibility for seeing that the Marshals Service fulfils its duty to effectuate service. *See id.* Here, the record reflects that, after the district court ordered service of process on defendants Nzums and Ingram, the waiver of service was returned unexecuted on four separate occasions. There is nothing in the record to suggest that the plaintiff made an effort to discover or provide additional information about the whereabouts of Nzums and Ingram. We therefore cannot say that the dismissal was in error.

We also conclude that the district court properly granted summary judgment to defendants CMS, Pramstaller, Russell, and DuBuc, based on *de novo* review. *Dargie v. United States*, 742 F.3d 243, 245 (6th Cir. 2014). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In order to prevail, the moving party must demonstrate "the absence of a genuine issue of material fact as to at least one essential element on each of Plaintiff's claims," at which point the non-moving party "must present sufficient evidence from which a jury could reasonably find for him." *Jones v. Muskegon Cnty.*, 625 F.3d 935, 940 (6th Cir. 2010). The court must draw all inferences in favor of the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Reed-Bey alleged that CMS, a private corporation responsible for providing medical services at Michigan prisons, denied or delayed his treatment for his shoulder separation. However, a private corporation cannot be held liable under § 1983 on the basis of *respondeat superior* or vicarious liability. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996). Rather, the plaintiff must establish a policy or custom that caused the constitutional violation. *Ford v. Cnty. of Grand Traverse*, 535 F.3d 483, 495 (6th Cir. 2008). In this case,

Reed-Bey failed to identify any CMS policy or custom that resulted in the denial or delay of his medical treatment. Moreover, although Reed-Bey alleged that the prison medical staff acted on behalf of CMS, CMS argued that those individuals were employees of the MDOC, not CMS. Reed-Bey has presented no evidence to rebut CMS's statement that prison staff are not employed by CMS. Finally, CMS presented evidence that it responded in a timely manner to Vadlamudi's requests for a consultation with a specialist and for surgery, even though the approval of those requests was delayed at times, pending Vadlamudi's submission of additional information concerning Reed-Bey's condition.

The district court also properly granted summary judgment to defendants Pramstaller and Russell. Reed-Bey argued that these defendants were liable for the delay in his medical treatment because they failed to act after being notified that he had been denied adequate medical treatment. He claims that, although these defendants denied being aware of his situation, he filed grievances and wrote a letter to the BHCS concerning his inadequate medical treatment, which should have provided Pramstaller and Russell with knowledge of the nature of his complaints.

To establish personal liability under § 1983, it must be shown that the official acted to "cause[] the deprivation of a [federal] right." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (explaining that, because there is no vicarious liability in § 1983 suits, a plaintiff must plead that each government defendant, "through the official's own individual actions, has violated the Constitution"). Reed-Bey did not establish that Pramstaller and Russell were involved personally in either his medical care or the decision-making process concerning his medical care. In addition, Pramstaller and Russell are entitled to summary judgment on Reed-Bey's official-capacity claims because he did not establish that his medical treatment was denied or delayed based on an MDOC policy or custom. *See Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1245 (6th Cir. 1989).

Likewise, the district court properly granted summary judgment for defendant DuBuc. Reed-Bey argues that DuBuc should be liable for the delay in his medical treatment because she failed to resolve his complaints concerning his medical treatment during his Step II grievance. But DuBuc was not involved personally in the decisions concerning his medical treatment, and

"[t]he 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)).

For the reasons set out above, we AFFIRM the judgment of the district court.